UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

BROADCAST MUSIC, INC.; DON
KIRSHNER ENTERTAINMENT
COMPANY AND CRUVEN, INC., A
JOINT VENTURE d/b/a KIRSHNER CBS
MUSIC PUBLISHING; SONY/ATV SONGS
LLC d/b/a SONY/ATV TREE PUBLISHING;
RONDOR MUSIC INTERNATIONAL, INC.
d/b/a IRVING MUSIC; SONY/ATV SONGS
LLC d/b/a SONY/ATV ACUFF ROSE
MUSIC; CONCORD MUSIC GROUP, INC.
d/b/a JONDORA MUSIC; E.O. SMITH
MUSIC; MAD DOG WINSTON MUSIC
LTD.; SONGS OF UNIVERSAL, INC.;
ESCATAWPA SONGS,

        Plaintiffs,                CIVIL ACTION NO.: 2:15-cv-14130

       v.

REB, LLC d/b/a THE POLO CLUB a/k/a
THE WEST VIRGINIA POLO CLUB f/k/a
ROADHOUSE; and
ELIZABETH A. BUTLER; and RALPH
BUTLER III a/k/a RALPH E. BUTLER a/k/a
GENE BUTLER, each individually,

        Defendants.

## COMPLAINT

Plaintiffs, by their attorneys, Russell D. Jessee, Esq., Jason P. Foster, Esq. and the law firm of Steptoe & Johnson PLLC, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1.     This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 8.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Don Kirshner Entertainment Company and Cruven, Inc. is a joint venture doing business as Kirshner CBS Music Publishing. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Acuff Rose Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Concord Music Group, Inc. is a corporation doing business as Jondora Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff E.O. Smith Music is a sole proprietorship owned by Rivers Cuomo. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Mad Dog Winston Music Ltd. is a limited company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Escatawpa Songs is a partnership owned by Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Defendant REB, LLC is a limited liability company organized and existing under the laws of the state of West Virginia, which operates, maintains and controls an establishment known as The Polo Club a/k/a The West Virginia Polo Club f/k/a Roadhouse, located at 1023 Depot St., Parkersburg, WV 26101, in this district (the "Establishment").

15. In connection with the operation of the Establishment, Defendant REB, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

16. Defendant REB, LLC has a direct financial interest in the Establishment.

17. Defendant Elizabeth A. Butler is a member of Defendant REB, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

18. Defendant Elizabeth A. Butler has the right and ability to supervise the activities of Defendant REB, LLC and a direct financial interest in that limited liability company and the Establishment.

19. Defendant Ralph Butler III a/k/a Ralph E. Butler a/k/a Gene Butler is the owner of Defendant REB, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

20. Defendant Ralph Butler III a/k/a Ralph E. Butler a/k/a Gene Butler has the right and ability to supervise the activities of Defendant REB, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

21. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 20.

22. Plaintiffs allege nine (9) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

23. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the nine (9) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright

registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

24. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

25. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

26. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

27. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

28. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated this 16th day of October, 2015.

**PLAINTIFFS,
By Counsel**

_____/s/ Jason P. Foster_____
Russell D. Jessee (WVSB #10020)
Jason P. Foster (WVSB # 10593)
707 Virginia Street, East
**STEPTOE & JOHNSON PLLC**    Chase Tower, Eighth Floor
       **Of Counsel**    Post Office Box 1588
Charleston, WV  25326-1588
Telephone:  (304) 353-8130
Telecopier:  (304) 353-8180
Email: Russell.jessee@steptoe-johnson.com
      Jason.foster@steptoe-johnson.com